**Ervini SPAHO, Petitioner,**

v.

**Alberto GONZALES,* Attorney General, Respondent.**

No. 04–070687.

Agency No. A79–641–612.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.**

Decided April 11, 2005.

Philip Turtletaub, Esq., Charlotte, NC, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, and Aviva L. Poczter, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

MEMORANDUM ***

Ervini Spaho, a native and citizen of Albania, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the IJ's order as the final agency determination. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *see Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Spaho testified that he was arrested and beaten on two separate occasions by members of the communist Albanian government yet failed to mention these central arrests in either his application for asylum or the accompanying declaration, and when given a reasonable opportunity, was unable to offer a cogent explanation for the omission. The IJ was "not unreasonable

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

in considering that, if truthful, [Spaho] would have thought to mention his most serious allegation[s] of mistreatment when he detailed the persecution he ... endured." *Li v. Ashcroft,* 378 F.3d 959, 963 (9th Cir.2004).

Without credible testimony, Spaho failed to establish eligibility for asylum or withholding of removal. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Because Spaho's claims under CAT were based on the same testimonial and documentary evidence that the IJ determined to be not credible in connection with Spaho's asylum claim, the IJ also properly denied Spaho protection under CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

PETITION FOR REVIEW DENIED.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.